IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                                                         Criminal No.  2:02cr16-2

ROSCOE M. REDMAN,

        Defendant.

## ORDER/OPINION

On the 6TH day of March, 2006, came the defendant, Roscoe M. Redman, in person and by his counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Stephen Warner, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on February 6, 2006, alleging Defendant violated conditions of his supervised release as follows:

1. Violation of Mandatory Condition that he not commit another federal, state or local crime.

2. Violation of Mandatory Condition that he refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

3. Violation of Standard Condition that he refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

4. Violation of Standard Condition that he not frequent places where controlled substances are illegally sold, used, distributed, or administered.

   Nature of Noncompliance: On January 26, 2006, the defendant appeared in the United States District Court for a hearing on a Petition for Warrant or Summons for Offender under Supervision. At that time, the defendant admitted that he had violated the terms of his supervised release. The Court ordered that the defendant be continued on supervised release and modified the supervised release to include

a period of six months home confinement to begin within 30 days.

Immediately after the hearing, the probation officer met with the defendant in the probation office to discuss his obligations. At that time, the defendant submitted a urinalysis specimen which field tested positive for cocaine usage. At that time, the defendant denied that he had used cocaine and the specimen was sent to Scientific Testing Laboratories, Inc. for confirmation testing. On February 2, 2006, Scientific Testing Laboratories, Inc. notified the United States Probation Office that the defendant's urinalysis specimen was positive for cocaine . . . .The probation officer would note that the defendant had submitted to a urinalysis test on January 24, 2006, at which time he was negative for substance use. Additionally, the probation officer noted that the defendant had a strong smell of alcoholic beverage on his person. The defendant denied that he had been drinking. The defendant submitted to a portable breathalyser test which indicated that he had a blood alcohol content of .015.

Prior to the taking of evidence, Defendant waived the preliminary hearing and conceded probable cause existed to forward this revocation matter to United States District Judge Robert E. Maxwell for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of him as to the voluntariness of his decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed February 6, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia on the violation alleged in the Petition for Warrant or Summons for Offender Under Supervision filed February 6, 2006.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: March 6, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE