IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                                Criminal No. 2:02cr16-2

ROSCOE M. REDMAN,
            Defendant.

## ORDER/OPINION

On the 20th day of September, 2006, came the defendant, Roscoe M. Redman, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Stephen Warner, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on September 6, 2006, alleging Defendant violated conditions of his supervised release as follows:

1. Violation of Mandatory Condition that he not unlawfully posses a controlled substance; not unlawfully use a controlled substance; and that he submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court; and

2. Violation of Standard Condition that he report to the probation officer and submit a truthful and complete written report within the first five days of each month.

    Nature of Noncompliance: On August 16, 2006, after the defendant's appearance in the United States District Court, the defendant was instructed to report to the United States Probation Office after his release from the Regional Jail. The probation officer spoke with the defendant by telephone on August 17, 2006, regarding reporting to the United States Probation Office. The defendant advised that after his release from the regional jail, he hitchhiked to Elkins, West Virginia, and slept in the City Park. The defendant advised that at 7:00 in the morning he paid a man $40.00 to drive him home. The defendant advised that he did not wait to see the probation officer that morning because he had found a ride home. The defendant advised that he would be able to report to the probation office on August 25, 2006. On August 24, 2006, the probation officer advised the defendant that he would not be available on August 25, 2006, and the defendant reported that he had not found a ride and rescheduling the appointment was to his benefit. The defendant was advised to report to the United States Probation Office on August 28, 2006. The defendant did not report as requested nor did he call to advise the probation officer of the problem. The probation officer attempted to contact the defendant by telephone on August 31,

2006, to instruct the defendant to report to the probation office; the defendant did not return this call. The probation officer also sent the defendant correspondence requiring his appearance on September 5, 2006, however, this letter was returned undelivered. The probation officer was notified by another defendant that appeared on September 5, 2006, that her Aunt, the defendant's sister, had driven her to the probation office. According to this defendant, the defendant was offered a ride to Elkins, West Virginia to meet with the probation officer however, he declined the invitation. Additionally, the defendant has failed to file a monthly supervision report form within the first five days of the month as required by his supervised release.

On September 18, 2006, the probation officer wrote a letter to United States District Judge Robert E. Maxwell, stating as follows:

> On September 15, 20056, the defendant appeared in the United States Probation Office, unscheduled. While speaking with the defendant, the probation officer noted that the defendant had a smell of alcohol on his person. The defendant admitted that he had drank four beers on the prior evening. The defendant submitted a urinalysis specimen at this time which field test positive for the use of Cocaine and Marijuana. The defendant denied the use of any illegal substances and the specimen was sent to Scientific Testing Laboratories for confirmation testing. While packaging the specimen to be sent, the defendant accused the probation officer of tampering with the instant test. At that time, the defendant was taken into custody by the Randolph County Sheriff's Department on a warrant issued by the United States District Court on September 7, 2006. While in custody the defendant became very argumentative, almost to the point of being combative, and he was also uncooperative. The defendant refused to submit to a Breathalyzer test which was offered to him on three occasions. United States Probation Officer Eydie Feathers and Deputy Lee Wright both confirmed that the defendant had a smell of alcohol on his person.

On December 18, 2006, United States istrict Judge Robert E. Maxwell ordered the letter filed as a Supplement to the September 6, 2006 Petition.

Prior to the hearing, testing by Scientific Testing Laboratories indicated that the testing on September 15, was a false positive. Defendant has therefore not tested positive for any illegal substances.

The AUSA requested the letter be interpreted as an amendment to the petition, alleging a violation of Standard Condition No. 3, in that Defendant did not follow the instruction of the Probation Officer in refusing the Breathalyzer test. The letter, however, does not state that

Defendant was ordered or directed to take a Breathalyzer test, but instead states he was offered a Breathalyzer test. The undersigned DENIED the government's motion to amend to state a violation of Condition #3, but allowed the government to file a new petition regarding the events of September 15, 2006, should it feel it necessary.

The Court then heard the testimony of Defendant's supervising Probation Officer William Bechtold as well as Defendant's testimony regarding the violations alleged in 1 and 2 of the Petition filed on September 7, 2006.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in 1 and 2 of the Petition for Warrant or Summons for Offender Under Supervision filed September 7, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia on the violations alleged in 1 and 2 of the Petition for Warrant or Summons for Offender Under Supervision filed September 7, 2006.

Defendant, through counsel, then requested he be released on bond pending hearing before Judge Maxwell. The government opposed release, arguing that Defendant has a history of drug abuse and addiction, and has been unsupervisable due to his housing and transportation problems and the lack of a stable plan of supervision. The undersigned recognizes that the more serious of the violations, as alleged in the September 18, 2006, letter, had not been proven, and, in fact, Defendant had tested negative for illegal substances on September 15, 2006. Defendant, through counsel, also stated that he had a job awaiting him that paid $8.00 per hour and had a home to reside in with his brother. Defendant agreed to meet immediately after the hearing with his Probation Officer to discuss, among others, his conditions of release, where he would be residing, and his

employment.

Upon consideration of all which, the undersigned **GRANTS** Defendant's motion for release pending full hearing before Judge Maxwell.  Defendant is **ORDERED** released on bond under the same conditions of release as ordered by Judge Maxwell in the J&C entered on or about August 16, 2006.

The clerk of the court is directed to send a copy of this order to counsel of record.


DATED: September 20,  2006

/s *John S. Kaull*
JOHN S.  KAULL
UNITED STATES MAGISTRATE JUDGE